IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSHUA PAYNE,  :  No. 1:23cv269
  :
       Plaintiff  :  (Judge Munley)
  :
v.  :  (Magistrate Judge Carlson)
  :
ROSS C. MILLER, et al.,  :
       Defendants  :

## MEMORANDUM

Before the court for disposition is the report and recommendation ("R&R") issued by Magistrate Judge Martin C. Carlson on August 7, 2023. Plaintiff Joshua Payne has filed objections to the R&R, and the matter is ripe for disposition.[1]

**Background**

Plaintiff is a state inmate incarcerated by the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). Defendants are correctional staff and other employees at SCI-Camp Hill. The plaintiff's *pro se* complaint alleges that the defendants have violated his First and Eighth Amendment rights with regard to the issuance of a misconduct

---

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

against him. The defendants are Ross C. Miller, Unit Manager at SCI-Camp Hill; Correctional Officer Timpe; C. Srebro, Unit Manager at SCI- Camp Hill; B. Ritchey, Corrections Classification Program Manager ("CCPM") at SCI-Camp Hill; and P. Moore, Activities Manager at SCI-Camp Hill. (Doc. 1, Compl. ¶¶ 4-8). Defendants Srebro, Ritchey, and Moore are all part of the SCI-Camp Hill Program Review Committee. (Id. ¶¶ 6-8).

The facts as alleged in the *pro se* complaint are as follows:[2]

On or about September 28, 2022, prior to the events underlying the instant case, Plaintiff filed a civil rights action against Defendant Timpe and Defendant Ritchey. (Id. ¶ 10). Approximately a month later on October 29, 2022, Timpe came to Payne's cell and told him that he was being written up for failing to stand for count earlier that day. (Id. ¶¶ 13-14). In telling plaintiff that he was being written up, Timpe alluded to plaintiff's lawsuit against him according to the complaint. (Id. ¶ 16).

Plaintiff heard nothing more on the misconduct until November 3, 2022 at which time, Defendant Miller, the Unit Manager, approached him regarding it. (Id. ¶ 17). Plaintiff received a written copy the misconduct at that time. (Id.) In

---

[2] These brief background facts are derived from plaintiff's complaint. At this stage of the proceedings, the court must accept all factual allegations in the complaint as true. Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

lieu of a formal hearing, Miller offered to informally resolve plaintiff's misconduct, and plaintiff ultimately agreed to this process. (Id.¶ ¶ 18, 19). The informal resolution of the grievance resulted in finding plaintiff guilty of the misconduct, and as a sanction, plaintiff lost seven days of "yard time." (Id. ¶ 20).

Plaintiff appealed the misconduct finding to the Program Review Committee ("PRC"). (Id. ¶ 24). This committee was made up of Defendants Srebro, Ritchey, and Moore. (Id.) The PRC upheld the misconduct indicating that no evidence existed that the issuance of the misconduct violated any DOC policies or procedures; the evidence supported the decision; and the sanction imposed was lenient. (Id. ¶¶ 31(a)-(c)).

Plaintiff appealed the PRC's decision to the Facility Manager and, as of the date of the filing of the instant complaint, he has not received a response. (Id. ¶¶ 31-35).

Thus, plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 ("section 1983"). He asserts a First Amendment retaliation claim alleging that Defendant Timpe issued the misconduct in retaliation for plaintiff filing the previous lawsuit. Per plaintiff, the PRC defendants had the opportunity to intervene and stop Timpe's retaliatory conduct, but they failed to do so. (Doc. 1). Thus, he has raised an Eighth Amendment Failure to Intervene claim against these defendants (Id.) Further, plaintiff alleges a Fourteenth Amendment Due

Process violation with regard to the handling of the misconduct charge. (Id.) Plaintiff seeks declaratory relief, compensatory damages, and punitive damages.

Defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After the motion was fully briefed, Magistrate Judge Carlson issued an R&R suggesting that the motion should be granted. Plaintiff then filed objections to the R&R, bringing the case to its present posture.

**Jurisdiction**

As plaintiff brings suit pursuant to 42 U.S.C. § 1983, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812

F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

The instant R&R discusses the disposition of the defendants' motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept

5

legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

Magistrate Judge Carlson's thorough R&R addresses all of the claims raised in the plaintiff's complaint, except for the First Amendment Retaliation claim against Timpe because the defendants did not move to dismiss this claim. (Doc. 18 at 9). With regard to the remaining claims the R&R recommends: 1) Dismissal of the First Amendment Retaliation claim as to defendants Miller, Srebro, Ritchey, and Moore; 2) Dismissal of the Eighth Amendment Failure to Intervene claim against Defendants Miller, Srebro, Ritchey, and Moore; 3) Dismissal of the Fourteenth Amendment Due Process claim; 4) Dismissal of any claim filed pursuant to 37 PA. CODE § 93.10; and 5) Dismissal of plaintiff's claim for compensatory damages.

Plaintiff objects only to the dismissal of the Fourteenth Amendment Due Process claim. To determine whether to adopt the remaining recommendations, the court must determine if a review of the record evidences plain error or

manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, the court finds neither a clear error on the face of the record nor a manifest injustice, and therefore, the R&R shall be adopted with regard to all the recommendations that the plaintiff did not object to. The court will now address the plaintiff's Fourteenth Amendment claim under the more stringent *de novo* standard of review.

Plaintiff alleges that his Fourteenth Amendment Due Process rights were violated because he did not receive notice of the misconduct within twenty-four (24) hours and that he was coerced into accepting an informal resolution of the misconduct.

Under the law, "[p]rison disciplinary proceedings are not part of the criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Supreme Court has held that certain minimum procedural protections are applicable to prison disciplinary proceedings. These protections include: 1) advance written notice of the disciplinary charges; 2) an opportunity to call witnesses and present documentary evidence as part of a defense, when consistent with institutional

safety or correctional goals; 3) a written statement by the factfinder stating the evidence relied upon and the reasons for the disciplinary action Id. at 563-67. Where a prisoner has been provided these due process protections during the disciplinary hearing, a claim like plaintiff makes that a misconduct report was false, by itself, does not state a valid § 1983 civil rights claim. Richardson v. Sherrer, 344 F. App'x 755, 757-58 (3d Cir. 2007).

In the instant case, plaintiff asserts that Defendant Miller provided a written copy of the misconduct to the plaintiff and offered to informally resolve it. If plaintiff did not want to go through the informal resolution, he would have to go through a formal hearing. (Doc. 1, ¶ 18). Plaintiff thus agreed to the informal resolution. (Id. ¶ 19).[3] It appears that in accepting the informal resolution, plaintiff waived other rights such as the right to twenty-four (24) hour notice of the misconduct and the right to a formal hearing.

Miller found plaintiff guilty. Pursuant to Pennsylvania Department of Corrections ("DOC") policy, Miller could sanction plaintiff to up to fourteen (14) days of a loss of specific privileges. See DC-ADM 801, § 2(B)(1). Miller sanctioned plaintiff to a loss of seven (7) days of yard privileges.

---

[3] Informal resolution is provided by the DOC for certain level misconducts. See DC-ADM 801, § 2(A)-(C).

Unsatisfied with the result, plaintiff appealed the misconduct to the PRC, which ultimately upheld the finding of guilt on the misconduct. (Doc. 1, ¶¶ 24, 31).

It appears, therefore, that plaintiff received all the process that he was due with regard to the misconduct. He agreed to informal resolution. When he was unsatisfied with the result, he appealed the decision. Accordingly, the recommendation that plaintiff's Fourteenth Amendment Due Process claim be dismissed will be adopted, and the plaintiff's objections overruled.

Where a plaintiff files a complaint subject to dismissal under Rule 12(b)(6), he should receive leave to amend his complaint unless such amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Thus, the R&R further suggests the plaintiff should be afforded an opportunity to amend the complaint to correct the deficiencies identified in the R&R. (Doc. 18 at 19). No objection has been filed to this recommendation, however, the court will not adopt it.

Any attempt by the plaintiff to amend the complaint would be futile. The law does not support the causes of action plaintiff has alleged with regard to the First Amendment Retaliation claims against Defendants Miller, Srebro, Ritchey, and Moore and the Eighth Amendment Failure to Intervene claim against Defendants Miller, Srebro, Ritchey, and Moore. Further, the law does not support a cause of

action pursuant to 37 PA. CODE § 93.10.  Additionally, plaintiff received all the process he was due with regard to the misconduct, and therefore, he cannot allege a proper Fourteenth Amendment Due Process claim.  Accordingly, these claims will be dismissed without leave to amend, and the case will proceed solely on the First Amendment Retaliation claim against Defendant Timpe.

**Conclusion**

Based upon the forgoing reasons, the R&R will be adopted.  The defendants' motion to dismiss will be granted, and the following claims will be dismissed from the case: the Eighth and Fourteenth Amendment claims against all defendants, the First Amendment claim against Defendants Miller, Srebro, Ritchey, and Moore, and any claim filed pursuant to 37 PA. CODE § 93.10 .  An appropriate order follows.

Date: 8/12/2024

JUDGE JULIA K. MUNLEY
United States District Court