## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA I. PAYNE,<br>　　　　**Plaintiff** | : | No. 1:23cv269 |
| | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| CORRECTIONAL OFFICER TIMPE, | : | |
| 　　　**Defendant** | : | |

## <u>MEMORANDUM ORDER</u>

Before the court for disposition is the report and recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson on August 4, 2025. (Doc. 35). The R&R recommends that Defendant Correctional Officer Timpe's motion for summary judgment be denied. (<u>Id.</u>) Officer Timpe has filed objections, (Docs. 42, 43), and the matter is ripe for disposition. For the reasons that follow, the R&R will be adopted and the motion for summary judgment will be denied.

**Background**

Plaintiff Joshua Payne is a state prisoner incarcerated at the State Correctional Institution ("SCI") Camp Hill.[1] (Doc. 35 at 2). In September 2022, Payne filed a *pro se* civil lawsuit, against multiple defendants, including Officer

---

[1] Unless noted otherwise, the court adopts the factual background set forth in the R&R as the parties do not dispute those facts. All facts from the record are construed in a light most favorable to plaintiff as the nonmoving party. <u>See</u> <u>Daniels v. Sch. Dist. of Philadelphia</u>, 776 F.3d 181, 187 (3d Cir. 2015) (citation omitted).

Timpe. Payne v. Ritchey, et al., Civ. No. 1:22-cv-1517, Doc. 1.  Payne's complaint alleged that Officer Timpe had denied plaintiff yard privileges because Payne had filed grievances against prison staff. Id. ¶ 15.  On October 28, 2022, a waiver of service was filed on behalf of Officer Timpe indicating that he received the complaint. (Doc. 35 at 2).

The following day, Officer Timpe issued plaintiff a misconduct citation alleging that Payne had failed to stand for count earlier that day. (Id. at 2-3). Plaintiff contends that Officer Timpe issued this citation in retaliation for the litigation Payne had initiated against him. (Id. at 3).  According to plaintiff, Officer Timpe told him "we went through this before, you file paperwork and lawsuits and we file paperwork and in the end we get faster results." (Id.)  Officer Timpe denies that this exchange took place. (Id.)

In November 2022, the misconduct citation was resolved informally by the unit manager, who withheld seven days of yard privileges from Payne. (Id.) Plaintiff appealed the disciplinary decision, asserting that the misconduct citation was retaliatory and that he had not received timely notice of the citation. (Id.) According to Magistrate Judge Carlson, the institution's paperwork confirms that Payne did not receive a copy of this citation until November 3, 2022 at 3:50 p.m. (Id. n.1; Doc. 28-1 at ECF p. 5).  The appeal was initially rejected on November 14, 2022 by the institution's program review committee. (Id.)  Payne has supplied

documentation indicating that he fully exhausted this misconduct appeal by February 2023. (Id.)

Meanwhile, Payne also attempted to exhaust his administrative remedies through the prison grievance system. (Id.)  On November 30, 2022, he filed a grievance alleging that Officer Timpe had retaliated against him by issuing a false misconduct citation. (Id.)  This grievance was denied as untimely. (Id.)

Consequently, plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 ("Section 1983").[2]  He asserts a First Amendment retaliation claim alleging that Officer Timpe issued the citation in retaliation for plaintiff filing the previous lawsuit.  Based on these facts, Officer Timpe has moved for summary judgment, asserting several legal challenges to Payne's retaliation claim. (Doc. 25).

**Legal Standard**

### 1. Objections to R&R

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723

---

[2] As plaintiff brings suit pursuant to Section 1983, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Section 1983 serves as the vehicle through which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  The statute is not a source of substantive rights; rather it serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284–85 (2002).

F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**2. Motion for Summary Judgment**

The R&R addressed defendant's motion for summary judgment.  Summary judgment is proper when there is no genuine issue of material fact in the case and the moving party is entitled to judgment as a matter of law.  Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010) (citation omitted); see also FED. R. CIV. P. 56(a).  "A fact is material if its resolution 'might affect the outcome of the suit under the governing law,'…[a]nd a dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Mall Chevrolet, Inc. v. Gen. Motors LLC, 99 F.4th 622, 631 (3d Cir. 2024) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

At this stage, the judge's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.  All "facts in dispute," Daniels, 776 F.3d at 187, and all "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the [opposing] party[,]" Matsushita Elec.

4

Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (cleaned up). "[W]hen there is a disagreement about the facts or the proper inferences to be drawn from them, a trial is required to resolve the conflicting versions of the parties." Peterson v. Lehigh Valley Dist. Council, United Bhd. of Carpenters & Joiners, 676 F.2d 81, 84 (3d Cir. 1982). Furthermore, "a court's role remains circumscribed in that it is inappropriate for a court to resolve factual disputes and to make credibility determinations." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) (citation omitted). "[W]here the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Id. (citations omitted).

A motion for summary judgment may also be granted where a moving party demonstrates that the nonmoving party "has not made 'a showing sufficient to establish the existence of an element essential to that party's case ... on which that party will bear the burden of proof at trial.' " Mall Chevrolet, Inc., 99 F.4th at 630 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 332 (1986) (emphasis removed)). After a moving party carries their burden to show the absence of a genuine, material factual dispute, Rule 56 flips the burden onto "the nonmovant to 'go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.' " Daubert v. NRA Grp., LLC, 861

5

F.3d 382, 391 (3d Cir. 2017) (quoting Celotex Corp., 477 U.S. at 324).  The non-moving party must "do more than 'simply show that there is some metaphysical doubt as to the material facts." Id. (quoting Matsushita Elec. Indus. Co., 475 U.S. at 587).

If a party fails to properly address another party's assertion of fact as required by Rule 56, the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]" FED. R. CIV. P. 56(e)(3).  Summary judgment is appropriate where the moving party is entitled to judgment as a matter of law. Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990).

**Analysis**

Officer Timpe's objections to the R&R are focused on a single issue—whether Payne has established an adverse action for purposes of his First Amendment retaliation claim. (Doc. 43 at 2-5).  Specifically, Officer Timpe argues that the limitation on Payne's yard time caused only a *de minimis* injury and therefore does not constitute an adverse action. (Id.)  Defendant's objections simply recycle an argument already presented to and rejected by Magistrate Judge Carlson.  The R&R addressed this argument in depth and defendant's objections offer no new authority or facts to disturb the magistrate judge's well-

6

reasoned analysis.  Accordingly, following a *de novo* review, the court will adopt the R&R and deny Officer Timpe's motion for summary judgment.

A prisoner bringing a retaliation claim under Section 1983 must show that: (1) he engaged in a constitutionally protected activity; (2) he suffered an adverse action by prison officials; and (3) the exercise of his constitutional rights was a substantial motivating factor for the adverse action. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

With respect to the second element, that is, an adverse action, the effect of the alleged conduct on the prisoner's exercise of free speech "need not be great in order to be actionable," but it must be more than *de minimis*. Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000).  The relevant inquiry is whether the retaliatory action would "deter a person of ordinary firmness from exercising his First Amendment rights." Id.  Whether a prisoner satisfies this prong is a fact-intensive question dependent on the circumstances of the particular case. Id.

For instance, placing a prisoner in administrative segregation in retaliation for filing civil rights lawsuits against prison officials constitutes an adverse action. Allah v. Seiverling, 229 F.3d 220, 222 (3d Cir. 2000).  However, "[a prison director] becoming agitated when [prisoner-plaintiff] intervened in an argument that [prison director] was having with another inmate does not constitute an adverse action." Brahm v. Cnty. of Chester, No. 23-CV-3848, 2024 WL 5147021

7

(E.D. Pa. Dec. 17, 2024), appeal dismissed, No. 25-1127, 2025 WL 4076397 (3d Cir. Aug. 1, 2025).

Here, Officer Timpe issued a misconduct citation charging Payne with two Class 1 infractions. (Doc. 28-1 at ECF p. 5).  The citation was ultimately resolved informally by the unit manager, who withheld seven days of yard privileges from Payne.

In his objections, Officer Timpe argues that because the ultimate sanction imposed against Payne was minor, the court should focus only on the resulting penalty and disregard the gravity of the Class 1 misconduct citations.  Magistrate Judge Carlson properly rejected this argument.  As the R&R correctly explained, the potential penalties associated with Class 1 misconducts are significant, regardless of the lesser sanction ultimately imposed, i.e., withholding seven days of yard privileges. (Doc. 35 at 13).

The Third Circuit Court of Appeals has recognized that "Class I misconducts subject inmates to a range of sanctions, including a disadvantageous change in housing assignment, placement in restricted housing or restrictive confinement for up to 90 days, or a detrimental change in program level." Watson v. Rozum, 834 F.3d 417, 423 (3d Cir. 2016) (citing 37 PA. CODE § 93.10).  They may also result in loss of pre-release privileges, "including work release and temporary home furloughs for nine months." Id. (citation omitted).

"These are clearly more than *de minimis* consequences." <u>Watson</u>, 834 F.3d at 423; <u>see</u> <u>also</u> <u>Brennan</u>, 350 F.3d at 422 n. 17 (noting that "incidents of what might otherwise be trivial 'harassment' " may be actionable through their "cumulative impact ... even though the actions would be *de minimis* if considered in isolation.").

Thus, the fact that Payne ultimately received only a limited yard restriction does not negate the significance of receiving two Class 1 misconducts. As the R&R observed, the unit manager's decision to mitigate the penalty does not alter the severity of the citations issued by Officer Timpe. (Doc. 35 at 13). The relevant focus in this retaliation action is Officer Timpe's conduct in issuing the misconduct citation, not the subsequent decision of another official to resolve the matter informally.

Additionally, a reasonable jury could conclude that accusing an inmate of committing two Class 1 misconducts would "deter a person of ordinary firmness from exercising his First Amendment rights." <u>Allah</u>, 229 F.3d at 225 (quoting <u>Suppan</u>, 203 F.3d at 235). Accordingly, defendant's argument is not persuasive, and the motion for summary judgment will be denied.

**AND NOW**, to wit, this _27th_ day of March 2026, it is hereby **ORDERED** that:

9

1) Officer Timpe's objections, (Docs. 42, 43), to United States Magistrate Judge Carlson's R&R are **OVERRULED**;

2) The R&R, (Doc. 35), is **ADOPTED**;

3) Officer Timpe's motion for summary judgment, (Doc. 25), is **DENIED**;

4) The Clerk of Court is directed to terminate Defendants Ross C. Miller, C. Srebro, B. Ritchey, and P. Moore from the caption of this case; and

5) A pre-trial conference will be scheduled by way of separate court order.

_____
JUDGE JULIA K. MUNLEY
United States District Court